UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:04-cr-102-1 |
| Plaintiff, | |
| | HONORABLE PAUL L. MALONEY |
| v. | |
| NORBERTO QUINTANA, | |
| Defendant. | |

**OPINION and ORDER**

Denying the Defendant's 28 U.S.C. § 2255 Motion to Vacate or Correct Sentence;
Declining to Issue a Certificate of Appealability;
Terminating and Closing the Case

For the reasons that follow, the court will deny the section 2255 motion.

In May 2004, a federal grand jury in the Western District of Michigan indicted defendant Juan Jose Acevedo a/k/a Norbert Quintana ("Quintana") on the following charges under Title 21 of the U.S. Code: several counts of conducting a continuing criminal enterprise ("CCE") in violation of § 848, one count of conspiring to distribute cocaine and marijuana in violation of §§ 841(a)(1) and 846, one count of distributing or selling cocaine in violation of §§ 841(a)(1) and (b)(1)(B)(ii), and one count of distributing or selling marijuana in violation of §§ 841(a)(1) and (b)(1)(D). Following a one-week trial in April 2005, the jury found Quintana guilty of conducting a CCE and committing other offenses listed above. On October 13, 2005, the Honorable Richard Alan Enslen, Senior United States District Judge, sentenced Quintana to life in prison.

On October 25, 2005, Quintana filed a notice of appeal and paid the appeal fee, and the appeal was assigned Court of Appeals Docket No. 05-2445. On November 15, 2005, attorney Dimitriou filed an appearance as Quintana's appellate counsel. Appellant Quintana's "proof brief" was initially due January 5, 2006, but the Court of Appeals vacated that deadline *sine die* pending receipt of the trial transcript. The transcript was completed on March 17, 2006, and on March 30, 2006 the Court of Appeals sent a letter to counsel requiring Quintana to file his proof brief by May 12, 2006. When Quintana neither filed the brief nor sought an extension of time in which to do so, the Court of Appeals on June 2, 2006 dismissed the appeal for want of prosecution. The cover letter accompanying the dismissal order advised attorney Dimitriou, "This appeal may be reinstated if a motion to reinstate is filed along with the appellant's brief, in a timely manner. Within 21 days of the date of this letter would be acceptable." Dimitriou never filed anything else in the Court of Appeals, and government counsel represents that Dimitriou told the government that he abandoned the appeal because Quintana never paid him. *See* Government's Response to Defendant's 28 U.S.C. § 2255 Motion filed November 2009 ("Gov's Opp") at 2 n.4.

More than two years later, on November 25, 2008, Quintana sent a letter to the Clerk of this court stating, "D[ue] to the lack of com[m]uni[c]ation inbetween my under sign[ed] Attorn[e]y on Appeal, and all the confusions, please do not file anything with out my consent or signature." About six months later, on May 20, 2009, Quintana sent another letter to the clerk of this court stating that he was working on a section 2255 motion and needed a copy of his indictment and verdict form.

Finally, Quintana filed the instant section 2255 motion on October 5, 2009. The motion asks this court to reinstate his direct appeal to the Sixth Circuit on the ground that attorney Dimitriou allegedly misled him into believing that he had properly briefed the appeal. After explaining that

he does not read, write or understand English well, Quintana explains that he

> has actually been waiting on a ruling from the court on his appeal, which Attorney James Dimitriou informed him had been briefed and submitted to the Court of Appeals. As soon as the defendant found out that counsel had never even filed the appeal he has been trying to get someone to help him notify the court and p[er]fect his appeal. Which was mad[e] difficult [due] to the two (2) back to back lock down[s]. See Affidavit of Clifton Elias Howard III attached [alleging that the prison experienced two lockdowns, each lasting more than one month, after Quintana found out that his appeal had been dismissed].
>
> * * * Counsel informed the defendant that he had filed a timely notice of appeal, ordered and received the transcripts, the opening brief, traverse the Government's response and was waiting for a ruling from the Court of Appeals. However, Counsel did file a timely notice of appeal but lied to the defendant about everything else.
>
> The defendant contends that he not only received ineffective assistance of coun[sel] on appeal, he had no counsel on appeal at all. When a defendant is entirely deprived of an appellate procedure due to ineffective assistance of counsel, prejudice is presumed. *See Roe v. Flores-Ortega*, 528 U.S. 4770 [sic], 120 S.Ct. 1029 . . . (2000), [where] the Supreme Court addressed the showing required for a claim of ineffective assistance of counsel because of counsel's failure to file a notice of appeal. The Supreme Court noted that it has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal [word apparently omitted] in a manner that is professionally unreasonable.["]
>
> The defendant contends that he is entitled to an out-of-time appeal. *See United States v. Scott*, 124 F.3d 1328, 1329 (10th Cir. 1997), *Mc[I]ver v. United States*, 307 F.3d 1327 [(11th Cir. 1992)], Where counsel has ignored a direct request to prosecute an appeal, the defendant is entitled to an out-of-time appeal without any showing that there are any viable grounds on which to base an appeal.
>
> The defendant further contend[s] that he is using this 2255 to reinstate his right to direct appeal his conviction. *See In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006), *In [re] Go[d]dard*, 170 F.3d 435, 437 (4th Cir. 1999), the court held that where a defendant use his first post-conviction 2255 motion solely to reinstate his right to direct appeal, his subsequent post-conviction motion was not a "second or successive motion." Because the defendant's counsel failed to even ordered [sic] the transcripts or file an opening brief[, t]he defendant is being forced to use his first 2255 motion to reclaim his right to direct appeal. What happened was not the defendant's fault. He was told that everything had been done.
>
> The defendant respectfully request[s] that this Honorable court reenter it[s] judgment

-3-

> to put him back in the position he would have been in had his attorney ordered the transcripts and filed the opening brief. Even thought [sic] counsel filed a timely notice of appeal[, h]e failed to order the transcripts, file an[] opening brief or request[] to be relieved by the court. Counsel simply abandoned the defendant and appellate procedures after filing the notice of appeal. The defendant has been prejudiced by his counsel's ineffectiveness.

Defendant's 28 U.S.C. § 2255 Motion filed October 5, 2009 ("Def's Mot") at 3-5. Quintana concludes by asking this court to reinstate his appeal and provide him with trial transcripts, discovery, and an effective counsel to prosecute the appeal. *See id.* at 5-6.

The government responds, persuasively, that this court lacks jurisdiction or authority to reinstate Quintana's appeal or to re-enter its own judgment of conviction in order to start the appeal clock running anew. In *US v. Winterhalder*, 724 F.2d 109 (10th Cir. 1983), Winterhalder's counsel filed a timely notice of appeal, but the Court of Appeals dismissed the appeal for lack of prosecution. Claiming ineffective assistance of counsel at trial and on appeal, Winterhalder filed a section 2255 motion seeking leave to notice an out-of-time appeal. The Tenth Circuit rejected Winterhalder's argument, holding as follows:

> The filing of a notice of appeal . . . transfers jurisdiction over the matter from the district court to the court of appeals, and the power to reinstate an appeal previously dismissed for failure to prosecute lies with the court of appeals, not the district court.
>
> 28 U.S.C. § 2255 is not the proper vehicle for the reinstatement of an appeal which has been dismissed by this court for failure to prosecute. We agree with the Ninth Circuit that, "if an appeal is improvidently dismissed in this court, the remedy is by way of a motion directed to this court asking for a recall of the mandate or certified judgment so that this court may determine whether the appeal should be reinstated."

*Winterhalder*, 724 F.2d at 111 (citing, *inter alia*, *Williams v. US*, 307 F.2d 366 (9th Cir. 1962)).

Our Circuit expressly adopted *Winterhalder*'s reasoning in *Allen v. US*, 938 F.2d 664 (6th Cir. 1991). After Allen's direct appeal was dismissed for lack of prosecution, Allen filed a section 2255 motion in district court, claiming ineffective assistance of appellate counsel. The district court

denied Allen's motion, but purported to grant him leave to file a new notice of appeal. Holding that the district court lacked authority to grant an out-of-time appeal, our Circuit dismissed the appeal for lack of jurisdiction. *See US v. Allen*, No. 89-6078, 907 F.2d 151, 1990 WL 95617 (6th Cir. 1990) (p.c.) (Wellford, Nelson, D.J. Zatkoff) (table entry only in F.2d, one-page decision available on WestLaw). The panel wrote as follows,

> Rule 4(a)(1), FED. R. APP. P., allows 30 days to file a notice of appeal. Rule 4(a)(5), FED. R. APP. P., authorizes an extension of this time limit only upon motion made within thirty days after the expiration of the prescribed thirty-day period:
>
>> "(5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal *upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)*. Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later." (Emphasis supplied.)
>
> There was no timely motion for an extension here. The requirement that motions for extension [of time to appeal] be filed within 30 days of the original deadline is mandatory and jurisdictional. [citation to 9th Circuit omitted] One may not use 28 U.S.C. § 2255 to circumvent the requirements of Rule 4(a). Accordingly, the appeal is dismissed for lack of jurisdiction.

*Allen*, 1990 WL 95617 at *1. Allen then filed another § 2255 motion in the district court, asking the district court to vacate its judgment of sentence and re-enter it so that the time for appeal could start running anew. The district court denied the second § 2255 motion, and our Circuit affirmed, stating, "[t]he district court correctly ruled that our decision in *United States v. Allen*, 907 F.2d 151, precludes use of 28 U.S.C. § 2255 to circumvent the requirements of Rule 4, FED. R. APP. P." *Allen*, 938 F.2d at 665. *See also Borch v. US*, No. 92-1477, 977 F.2d 580, 1992 WL 276721, *3 (6th Cir. 1992) (p.c.) (Keith, Kennedy, Jones) (only table entry in F.2d, text of opinion in WL) (although

section 2255 motion is an appropriate vehicle to raise ineffective assistance of appellate counsel, "once the district court has . . . concluded that appellate counsel was ineffective, its options are extremely limited. * * * [T]he district court may neither allow an out-of-time filing of a renewed appeal of the movant's conviction, nor vacate and reimpose its judgment of conviction in order to recommence the time for appeal.") (citing *Allen*, 938 F.2d at 665).

The court determines that the holding of *Allen*, 938 F.2d 664, squarely governs this situation and requires denial of Quintana's section 2255 motion. As a district court, this court simply has no authority – under statute, court rule, or otherwise – to alter or extend appellate time limits except precisely as expressly provided by the Federal Rules of Appellate Procedure. Nor can this court circumvent this limitation on its authority by vacating and re-entering Quintana's judgment of sentence, which would have the effect of waiving the appellate rules' deadline without admitting doing so.

Finally, Quintana's reliance on *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) is misplaced. *Roe* involved counsel who failed entirely to file a notice of appeal, not, as here, counsel who filed a timely notice of appeal but then failed to prosecute the appeal. Unlike *Roe*, this court was divested of jurisdiction, which passed exclusively to the Court of Appeals, when Quintana's counsel filed the timely notice of appeal. *See US v. Garcia-Robles*, 562 F.3d 763, 767-68 (6th Cir. 2009) ("'The traditional rule is that a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals.'") (quoting *Dunham v. US*, 486 F.3d 931, 935 (6th Cir. 2007) (quoting *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993))).

It is true that the remedy for a criminal defense counsel's *failure to file an appeal* is *vacatur* of the judgment and entry of a new judgment (imposing the same sentence) which restarts the time

for filing a notice of appeal. *See Johnson v. US*, 146 F. App'x 4, 5-6 (6th Cir. 2005) (Clay, Gibbons, N.D. Fla. D.J. Wm. Stafford) (citing *Rosinski v. US*, 459 F.2d 59 (6th Cir. 1972)); *see, e.g., Reeves v. US*, 2009 WL 2488037 (W.D. Mich. Aug. 13, 2009) (Robert Jonker, J.) and *Polson v. US*, 2008 WL 2783290 (W.D. Mich. July 15, 2008) (Gordon Quist, J.).[1] But *Allen* makes clear that where counsel timely noticed an appeal, the sole remedy for subsequent ineffective assistance leading to dismissal of that appeal for lack of prosecution, is a motion *in the court of appeals* to reinstate the appeal.

For these reasons, the court cannot grant any of the relief which Quintana seeks. If Quintana is to be allowed to reinstate his appeal, or to file a new appeal which would be deemed timely, such a course of action must be undertaken, if at all, by our Court of Appeals.[2]

**ORDER**

---

[1] There is an exception to the rule that a timely notice of appeal divests the district court of jurisdiction, but it does not apply here. "[U]nder FED. R. APP. P. 4(a)(4), a motion for reconsideration, if served within ten days of the entry of judgment, tolls the time for appeal and the district court retains jurisdiction to rule on the motion." *Odom v. US*, Nos. 99-5506 and 99-5768, 229 F.3d 1153, 2000 WL 1175598, *1 (6th Cir. Aug. 9, 2000) (p.c.) (Nelson, Norris, N.D. Ohio Chief D.J. Paul Matia), *cert. denied*, 532 U.S. 936 (2001).

[2] One Sixth Circuit panel suggested that when such a section 2255 motion is filed, "[i]f the district court concludes that appellate counsel was ineffective, it may . . . recommend that this court reinstate [the defendant-movant]'s direct appeal upon an appropriate motion by [the defendant]." *Borch*, 1992 WL 276721 at *3.

Because the panel did not designate *Borch* for publication in the Federal Reporter, it lacks precedential value. *See US v. Keith*, 559 F.3d 499, 505 (6th Cir. 2009) ("[U]npublished decisions do not have precedential authority . . . ."). The court respectfully disagrees with *Borch* on this score and declines to follow it. The *Borch* panel did not identify any statute or court rule authorizing this court to make such a recommendation, nor did the panel identify any published Sixth Circuit decision suggesting that such a recommendation is permissible.

The defendant's 28 U.S.C. § 2255 motion is **DENIED**.

This is a final order, but the court declines to issue a certificate of appealability.[3]

**IT IS SO ORDERED** on this 14th day of January 2010.

/s/ Paul L. Maloney
Honorable  Paul L. Maloney
Chief United States District Judge

---

[3] Because this is a criminal case (and because it was previously closed and terminated in any event), FED. R. CIV. P. 58's requirement of a separate judgment is inapplicable.